The STATE of Ohio, Appellee,

v.

LAMBRECHT, Appellant.

[Cite as *State v. Lambrecht* (1990), 69 Ohio App.3d 256.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–324.

Decided Aug. 31, 1990.

*Richard Lambrecht, pro se.*

*Per Curiam.*

Appellant, Richard Lambrecht, has filed this appeal from an October 2, 1989 findings of fact, conclusions of law and judgment entry filed in the Lucas County Court of Common Pleas. The judgment entry appealed from denied appellant's motion for post-conviction relief. Appellant has previously sought relief from this court. As we noted in our July 21, 1989 decision and journal entry, this case began on November 5, 1986 when appellant was indicted for one count of trafficking in drugs, a violation of R.C. 2925.03(A)(2). Appellant, accompanied by counsel, entered a plea of guilty to the trafficking charge on March 5, 1987. Appellant received a sentence of three to fifteen years in a state penal institution and was fined $7,500. Appellant filed a direct appeal to this court, challenging the constitutionality of the sentence rendered. This court affirmed the Lucas County Court of Common Pleas. Appellant then filed a petition for post-conviction relief in the Lucas County Court of Common Pleas. The Lucas County Court of Common Pleas ruled that appellant was not entitled to post-conviction relief because of *res judicata.* Appellant then appealed to this court, and we reversed the lower court's ruling and remanded the petition for post-conviction relief for further consideration. *State v. Lambrecht* (1989), 58 Ohio App.3d 86, 568 N.E.2d 743. The basis for this court's July 21, 1989 decision and journal entry was that *res judicata* did not apply to bar consideration of appellant's claim of ineffective assistance of counsel since appellant did not have the opportunity to raise the claim at trial or on direct appeal. *Id.* at 87, 568 N.E.2d at 744.

On remand, appellant filed an affidavit of bias and prejudice requesting that the judge involved in the original sentencing and post-conviction relief denial be barred from considering the petition for post-conviction relief on remand.

The Supreme Court of Ohio granted the request after the original judge agreed to recuse himself.

A new judge, appointed to consider appellant's petition, also denied appellant's request for post-conviction relief. Appellant brings this appeal from the denial of his post-conviction relief.

Appellant raises four assignments of error, which state:

"1. Appellant was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as it apply [*sic*] to the state [*sic*] through the fourteenth amendment. And that appellant present evidentiary matter dehor[s] the record and that appellant should have had an evidentiary hearing pursuant to R.C. 2953.21(E).

"2. That the trial court abused its discretion by sentencing the appellant contrary to law in that it coerced the appellant into pleading to the elements of the crime charged, knowing that the appellant had raised an affirmative defense to the charge. That appellant [*sic*] plea could not have been knowingly, voluntarily and intelligently entered.

"3. That the trial judge and defense counsel conspired against the appellant in order to get the appellant to admit to the elements of the crime charged. Knowing that appellant had raised an Affirmative defense [*sic*].

"4. The trial court abused its discretion in ruling on appellant [*sic*] petition for post conviction relief, the court erred in not noticing its error under criminal rule 52(B), the court erred in that it determined there would be no prejudicial effect on the rights of appellant as well as where it determined that no evidentiary hearing should not be granted to appellant."

The essence of appellant's assignments of error is that appellant received ineffective assistance of counsel, which resulted in his guilty plea not being voluntarily and intelligently entered. Because appellant entered a plea of guilty, which was accepted at trial, appellant is limited to raising only two issues on appeal. The issues which appellant can raise are: (1) whether the trial court lacked subject matter jurisdiction to accept the plea; and (2) whether the plea was made knowingly, voluntarily and intelligently as required by Crim.R. 11. *State v. Burgette* (Mar. 23, 1990), Lucas App. No. L–89–146, unreported, at 6, 1990 WL 31763. We will consider appellant's claim of ineffective assistance of counsel only as it relates to one of the two issues listed above. Since appellant's arguments are interwoven in all four assignments of error, the assignments of error will be considered together.

Appellant raises four main arguments to support his assertion that he received ineffective assistance of counsel. First, appellant argues that his attorney should have raised the affirmative defense that the drugs in appel-

lant's possession were for his own use. Second, appellant claims that his attorney should have ascertained that appellant was drug dependent at the time of trial, and that the failure to do so prejudiced appellant's defense. Third, appellant claims that he was coerced by the court and his attorney into pleading guilty to a serious crime without thorough knowledge of the consequences. And fourth, appellant claims that the trial court abused its discretion by denying appellant's petition for post-conviction relief without conducting an evidentiary hearing on the aforementioned issues.

When evaluating appellant's arguments, we must follow a two-step process established by the Supreme Court of Ohio to determine whether an individual has been denied effective assistance of counsel. The Supreme Court of Ohio has stated:

" 'First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next * * * there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' " *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 18 O.O.3d 348, 350, 413 N.E.2d 819, 822, quoting *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 497–498, 358 N.E.2d 623, 626–627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.

Appellant bears the initial burden of proof to demonstrate that both parts of the test are satisfied, and must produce evidentiary documents to satisfy the burden of proof. *State v. Jackson, supra,* 64 Ohio St.2d at 111, 18 O.O.3d at 350, 413 N.E.2d at 822.

 Appellant's first argument is that his attorney violated an essential duty to him when the attorney failed to raise an affirmative defense which appellant asserts was available to him. The affirmative defense appellant relies on is found in R.C. 2925.03(F), which states in pertinent part:

"It shall be an affirmative defense * * * to a charge under this section *for possessing a bulk amount of a controlled substance or for cultivating marihuana* that the substance which gave rise to the charge is in such amount * * * as to indicate that the substance was solely for personal use." (Emphasis added.)

Appellant was charged with and found guilty of trafficking in drugs. The section relied on by appellant provides an affirmative defense for those charged with possessing a bulk amount of a controlled substance or for cultivating marijuana and is therefore inapplicable to cases involving a charge under R.C. 2925.03(A)(2) which is for trafficking in drugs. Appellant's attorney did not violate an essential duty when he failed to inform appellant of the

provisions of R.C. 2925.03(F) because the provisions in question were inapplicable to appellant's case. Accordingly, appellant's counsel did not commit any error affecting the voluntary nature of appellant's guilty plea. Appellant's argument, therefore, fails to satisfy the first part of the *Jackson* test and fails to meet the criteria for challenging a guilty plea.

 Appellant's next claim, that his defense was prejudiced by his attorney's failure to determine that appellant was drug dependent at the time of trial, also fails to satisfy the *Jackson* test and the criteria for overturning a guilty plea. The transcript reveals that the court questioned appellant, before he entered a plea of guilty, as to appellant's capacity to understand the nature of his plea. Also, the court specifically asked appellant whether he was drug dependent at the time. The relevant testimony was as follows:

"THE COURT: Are you under the influence of drugs or alcohol right now?

"THE DEFENDANT: No, sir.

"THE COURT: Are you in any danger of becoming drug dependent or alcohol dependent?

"THE DEFENDANT: No, sir."

The record clearly shows that the court inquired about the issue of whether or not appellant was drug dependent before the guilty plea was accepted. Therefore, any error on the part of appellant's counsel in failing to disclose to the court any alleged drug dependency of appellant was obviated. Appellant was given the opportunity to inform the court of any drug dependency and chose to indicate to the court that he was not under the influence of drugs and was not drug dependent. Appellant has failed to demonstrate any prejudice to his defense. Therefore, appellant's second argument fails to meet the second prong of the *Jackson* test and fails to defeat his voluntary guilty plea.

 Appellant's third allegation is that the court and appellant's counsel coerced him into pleading guilty to the charge of trafficking and that he was inadequately informed as to the consequences of his plea. In support of this claim, appellant attached to his petition for post-conviction relief affidavits by appellant, appellant's wife, and appellant's sister, which state that appellant's counsel told them that the penalties would be significantly less than the sentence and fine which were ultimately imposed by the court. Once again, the record does not support appellant's assertion. At the hearing conducted on January 14, 1987 to accept appellant's guilty plea, the following exchange occurred:

"THE COURT: Now, you're pleading guilty to a second degree felony, which carries a possibility of incarceration in a State penal institution for a

definite period of not less than two, three, four or five years up to a maximum of 15 years and/or a fine of up to $7,500.00. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: This is a probationa[ble] offense, but whether or not you get probation is my decision at the time of sentencing, and my decision alone.

"I want you to understand that I have not discussed any possible sentence or this case at all with anybody, and that's going to be my decision after I get a Probation Department report. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: You also understand that even if I put you on probation, I could still order that you spend some time in the local county jail or Work Release or anything else I felt was appropriate in your case. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you on probation or parol [*sic*] right now?

"THE DEFENDANT: No, sir.

"THE COURT: Do you have any questions about the possible penalties of what could happen to you because of this plea?

"THE DEFENDANT: No, sir.

"THE COURT: Any threats of promises been made to get you to enter this plea?

"THE DEFENDANT: No."

The record before this court clearly shows that even if appellant's assertions that appellant's attorney misinformed appellant about possible penalties before appellant entered court were true, appellant was not prejudiced by the alleged misinformation. The court clearly informed appellant of all possible penalties before appellant entered his plea. Appellant indicated to the court that he understood the information. Appellant has failed to demonstrate the prejudice required under the *Jackson* test and has failed to overcome the record's demonstration that his guilty plea was knowingly and voluntarily entered.

▮ Appellant's final argument is that the lower court abused its discretion in denying his petition for post-conviction relief without first conducting an evidentiary hearing. We disagree. A petitioner seeking post-conviction relief is not always entitled to a hearing. R.C. 2953.21 states, in pertinent part:

"(C) Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court

shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. Such court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. " * * *

"(E) *Unless the petition and the files and records of the case show the petitioner is not entitled to relief,* the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment." (Emphasis added.)

The Supreme Court of Ohio, after reviewing the provisions of R.C. 2953.21, ruled that:

"In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819, at the syllabus.

When a petitioner fails to demonstrate either counsel's ineffectiveness or prejudice caused by counsel's ineffectiveness, a court may dismiss the petition for post-conviction relief without conducting a hearing, if the court issues findings of fact and conclusions of law. *Id.* at 110, 18 O.O.3d at 350, 413 N.E.2d at 822. In this case, the Lucas County Court of Common Pleas reviewed all the affidavits and evidentiary documents submitted by appellant to support his petition for post-conviction relief, as well as the record, which contained the transcript of proceedings which occurred when appellant entered his plea of guilty. The court then concluded that " * * * the petitioner is not entitled to relief and therefore a hearing is not required." The court filed findings of fact and conclusions of law, meeting the requirements of R.C. 2953.21(C). Our review of the record in this case confirms the lower court's finding that appellant was not entitled to relief or to a hearing. The evidentiary documents submitted by appellant to support his post-conviction relief do not contain sufficient operative facts to show that appellant's defense was prejudiced by ineffective assistance of counsel. The affidavits and evidentiary documents submitted by appellant to support his petition for post-conviction relief all relate to alleged errors which we have determined were not prejudicial errors. Accordingly, the lower court acted properly when it denied the post-conviction relief without granting an evidentiary hearing. *Id.*

Appellant's first, second, third and fourth assignments of error are not well taken.

We find substantial justice has been done to the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.

ABOOD, J., concurs in judgment only.