OPINION
{¶ 1} Timothy D. Wright appeals from the denial of his petition to vacate or set aside his sentence by the Clark County Court of Common Pleas.
 {¶ 2} In January 1999, Wright was tried by a jury and convicted of two counts of abduction, one count of aggravated assault, one count of corruption of a minor, one count of felonious sexual penetration, five counts of gross sexual imposition, and four counts of rape. The convictions were based on evidence that Wright had had sexual contact with the daughter of his girlfriend. The trial court sentenced Wright to terms of imprisonment, totaling 68½ to 145 years. The sentence was subject to the statutory maximum for consecutive multiple sentences of fifteen years, in accordance with R.C. 2929.41.
 {¶ 3} Wright appealed from his conviction, and we affirmed on May 30, 2000. State v. Wright, Clark App. No. 99-CA-11 ("Wright I"). On June 10, 2004, Wright filed a petition to vacate or set aside his judgment of conviction or sentence. On June 30, 2004, the trial court denied the petition without a hearing. Wright requested findings of fact and conclusions of law. On July 22, 2004, the court made the following findings:
 {¶ 4} "Defendant's petition for post conviction [relief] is filed pursuant to Ohio Revised Code, Section 2953.21(A)(1)(a). This statute states: `except as other provided in Section 2953.23 of this Ohio Revised Code, a petition under division (A)(1) of this section shall be filed no later tha[n] one hundred eighty days after the date on which the trail [sic] transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication.' The defendant's conviction was affirmed by the 2nd District Court of Appeals on January 22, 2002 [sic]. Section 2953.23 of the Ohio Revised Code is not applicable. Defendant's motion to vacate his conviction was filed on June 10, 2004. As a matter of law, it is not timely filed and is dismissed on that basis.
 {¶ 5} "The substance of Defendant's motion for post conviction relief raises questions as to the admissibility, credibility and competency of evidence presented by the state. All of these issues could have been raised at defendant's trial or on defendant's direct appeal and are now res judicata.
 {¶ 6} "Defendant also questions the jurisdiction of the trial court on the issue of submitted lesser included offenses to the jury. As a matter of law, the court is required to instruct on lesser included offenses when applicable.
 {¶ 7} "In order for a new trial to be granted, it generally must appear that the effect of the newly discovered evidence will at least make it probable that the result on another trial will be different. 28 O Jur 3d, Criminal Law, Section 2064. This test is not met.
 {¶ 8} "The affidavits attached to defendant's motion to vacate his conviction are merely opinions or character evidence which were available and could have been offered at defendant's trial.
 {¶ 9} "The issue of the competency or effectiveness of defendant's counsel is also an issue that could have been raised on defendant's direct appeal.
 {¶ 10} "In a petition for post conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. The defendant has failed to demonstrate either counsel's ineffectiveness or prejudice caused by counsel's alleged ineffectiveness. State v. Lambrecht,69 Ohio App.3d 256, 590 N.E.2d 765 (1990).
 {¶ 11} "Defendant has presented nothing in the way of new evidence which would probably change the result of the jury's verdict of guilty, in the fourteen of fifteen counts, in this case.
 {¶ 12} "Based on the foregoing findings of facts, the Court finds, as a matter of law, defendant's motion to vacate or set aside the judgment of conviction is OVERRULED."
 {¶ 13} Wright appeals from that ruling, raising eight assignments of error.
 {¶ 14} "I. The trial court erred when it did not grant an evidentiary hearing or a new trial on newly discovered evidence as moved by the appellant during post conviction proceedings."
 {¶ 15} "II. Appellant's rights under Ohio Crim. R. 7(d) and the 5th and 14th amendments [to] the constitution of the united states were violated when the trial court constructively amended the indictments."
 {¶ 16} "III. Appellant's rights under R.C. 2941.25 and the 5th and 14th amendments [to] the united states constitution's double Jeopardy clause, and in violation of his right's [sic] to due process were violated by multiplicitous [sic] and duplicitous charges."
 {¶ 17} "IV. The trial court erred when it allowed photos to be used in trial that were not part of the discovery or bill of particulars." "VI. The trial court[']s imposition of a prison term greater than the minimum upon a first time offender is not supported by the record and is also contrary to law."
 {¶ 18} "V. Appellant was deprived of his rights to due process, and rights to a fair trial, when witness[es] for the defense were not subpoenaed."
 {¶ 19} "VII. The trial court erred when it committed constitutional error issuing judgment and order of conviction."
 {¶ 20} "VIII. The errors cited above, when taken together, constitute cumulative errors such that the convictions must be reversed."
 {¶ 21} In his assignments of error, Wright claims that the trial court erred in denying his petition to vacate his conviction without providing him an opportunity to present his newly discovered evidence to the court at a hearing. He further claims that several prejudicial constitutional errors were made during his trial. The state did not respond to Wright's petition in the trial court, and it has not filed an appellee's brief in this court.
 {¶ 22} Although the trial court addressed the merits of Wright's petition, it initially held that the petition was not timely filed, and it dismissed the petition on that basis. Upon review of the record, we agree with the trial court that it was prevented by R.C. 2953.23 from entertaining Wright's petition for post-conviction relief. Accordingly, we need not address Wright's assignments of error to the extent that they do not concern the timeliness of his petition.
 {¶ 23} R.C. 2953.21(A)(2) sets forth the time limitation for filing a petition for post-conviction relief. It provides:
 {¶ 24} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 25} Under RC 2953.23, a court "may not entertain a petition filed after the expiration of the period" set forth in R.C. 2953.21(A)(2) unless both of the following apply:
a. "either the petitioner shows that he was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief; or subsequent to the period prescribed in [R.C.2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right"; and
b. "the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 26} Because Wright filed a direct appeal, the time limitation period for postconviction relief began to run on March 12, 1999, the date on which the transcripts of proceedings were filed in this court in his direct appeal. Wright's petition to vacate or set aside his sentence was filed on June 10, 2004, significantly more than 180 days after the filing of those transcripts.
 {¶ 27} Wright has not presented any evidence that he can satisfy the requirements of R.C. 2953.23(A)(1) and thus bring an untimely petition for post-conviction relief. Wright relies most heavily on the affidavit of James W. Snyder, President of Wheel Constructors, Inc. ("Wheel"), which had employed Wright. Snyder stated that Wright had traveled throughout Ohio to different job sites, and that the company has retained its records showing Wright's whereabouts during the times of the charges against him. Snyder wrote that during 1994-1996, Wright was "out of town, working and staying in motels across the State of Ohio." Wright has also asserted that a number of witnesses who could have testified that he was out of town when the crimes allegedly occurred were not subpoenaed and thus did not know of or appear for his trial.
 {¶ 28} Although Wright asserts that he was working in the Canton, Parma and Cleveland areas at the times at issue, he has failed to demonstrate that he was "unavoidably prevented" from discovering these records. Wright indicates in his brief that Wheel has records dating back to September 1991, and that he was aware that "his boss kept records of the jobs done and payroll to his employees." Thus, these records were in existence prior to his trial. In addition, Wright has indicated in prior motions to modify his sentence that he could return to his employment with Wheel if his sentenced were modified; thus, it appears that Wright has maintained a good relationship with Wheel. Although Wright states that he was unaware that Wheel had records indicating his whereabouts (including receipts for gas, building supplies, credit cards, motel bills) until a recent conversation with his "boss", Wright has provided no evidence that he was "unavoidably prevented" from discovering the facts upon which his petition is based. In addition, based on his assertion that a number of witnesses who could have testified that he was out of town were not subpoenaed, Wright clearly knew at the time of his trial that alibi evidence existed.
 {¶ 29} In addition, Wright has not asserted that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, nor has he based his petition on such a right. Accordingly, Wright has not met this alternative requirement of R.C.2953.23.
 {¶ 30} Accordingly, Wright has failed to satisfy the requirements of R.C. 2953.23. The trial court therefore was not permitted to entertain his untimely petition for postconviction relief.
 {¶ 31} Wright's assignments of error are overruled.
 {¶ 32} The denial of Wright's petition for post-conviction relief will be affirmed.
Grady, J., and Donovan, J., concur.