THE STATE OF OHIO, APPELLEE, *v.* LAMBRECHT, APPELLANT.

(No. L-89-027—Decided July 21, 1989.)

*Eric Slack,* assistant prosecuting attorney, for appellee.

*Richard Lambrecht, pro se.*

*Per Curiam.* This case is on appeal from a judgment of the Lucas County Court of Common Pleas.

The facts of this case are as follows. On November 5, 1986, appellant, Richard Lambrecht, was indicted on one count of trafficking in drugs in violation of R.C. 2925.03 (A)(2). Lambrecht entered a plea of guilty on March 5, 1987, and was sentenced to a period of from three to fifteen years in a state penal institution and given a fine of $7,500. Attorney V. Robert Candiello represented Lambrecht in the trial court.

Subsequently, Lambrecht timely appealed the trial court's judgment alleging as his sole assignment of error that the fine imposed was unconstitutional. Inasmuch as Candiello represented Lambrecht on appeal, ineffective assistance of counsel was not raised as an assignment of error. On November 13, 1987, this court affirmed the trial court's decision.

On November 21, 1988, Lambrecht filed a petition for post-conviction relief in the trial court. Lambrecht alleged, as one of the grounds in his petition, ineffective assistance of counsel. On December 28, 1988, the trial court denied Lambrecht's petition.

It is from this judgment that Lambrecht now raises the following four assignments of error:

"ASSIGNMENT OF ERROR I:

Appellant was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution as it apply [*sic*] to the state through the Fourteenth Amendment. Also see subsections (A) through (H) of this assignment of error [*sic*].

"ASSIGNMENT OF ERROR II: That the trial court abused it's [*sic*] discretion by sentencing the appellant contrary to law in that it coerced the appellant into pleading to the elements of the crime charged, knowing that the appellant had raised an affirmative defense to the charge. That appellant [*sic*] plea could not have been knowingly, voluntarily and intelligently entered.

"ASSIGNMENT OF ERROR III: That the trial Judge and Defense Counsel conspired against the appellant in order to get the appellant to admit to the elements of the crime charged.

"ASSIGNMENT OF ERROR IV: The trial court erred by denying appellant's petition to vacate sentence pursuant to Ohio Revised Code Section 2953.21. Appellant was thereby denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution. The trial court erred by failing to hold an evidentiary hearing on appellant's petition to vacate sentence as required by Ohio Revised Code Section 2953.21 (E) in violation of appellant's right to due process. The trial court made findings of fact and conclusions of Law that were false and erroneous by holding that appellant's [*sic*] had obtained new counsel and appealed his conviction to the Court of Appeals for Lucas County."

Upon reading Lambrecht's brief, it is apparent all four assignments of error involve an allegation of ineffective assistance of counsel. However, the trial court found Lambrecht was precluded from raising all his claims, including a claim of ineffective assistance of counsel, by the doctrine of *res judicata.*

In *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 39 O.O. 2d 189, 226 N.E. 2d 104, paragraph nine of the syllabus, the court held that *res judicata* will bar a defendant from raising issues which were "*raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment.*" (Emphasis *sic*.) However, in *State* v. *Cole* (1982), 2 Ohio St. 3d 112, 113, 2 OBR 661, 663, 443 N.E. 2d 169, 171, fn. 1, the court noted an exception to the application of the *res judicata* doctrine as follows:

"[R]es judicata* does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief."

In the present case, Lambrecht was represented by the same attorney at trial and on direct appeal.[1] Therefore, the doctrine of *res judicata* was not a proper ground for dismissing Lambrecht's petition for post-conviction relief.

Accordingly, to the extent the trial court dismissed Lambrecht's petition on the grounds of *res judicata* as reflected in Lambrecht's four assignments of error, we find such assignments of error well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County

---

[1] In its December 28, 1988 findings of fact and conclusions of law, the trial court incorrectly stated that Lambrecht retained a new attorney for his direct appeal.

88

Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay court costs of this appeal.

*Judgment accordingly.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.