OPINION
Plaintiff-appellant, James R. Hackney, appeals an order of the Clermont County Court of Common Pleas denying his petition for postconviction relief.
On November 20, 1992, appellant was convicted of gross sexual imposition and intimidation of a crime victim in violation of R.C. 2907.05(A)(4) and R.C. 2921.04(B), respectively. On appeal, this court affirmed. State v. Hackney (Aug. 30, 1993), Clermont App. No. CA92-12-118, unreported. The Ohio Supreme Court subsequently declined review. State v. Hackney (1994), 68 Ohio St.3d 1427.
On October 5, 1995, appellant filed a petition for postconviction relief. On November 2, 1995, the trial court dismissed appellant's petition without a hearing. On appeal, this court affirmed. State v. Hackney (Mar. 18, 1996), Clermont App. No. CA95-12-088, unreported.
On June 24, 1996, appellant filed a second petition for postconviction relief. Appellant then filed a motion for summary judgment on July 1, 1996. On August 5, 1996, the trial court denied appellant's petition and motion. Appellant now appeals, setting forth twenty-one assignments of error for review and moving this court to strike the brief of plaintiff-appellee, the state of Ohio. We overrule appellant's motion, as the state's brief was filed in accordance with appellate and local rules.
Appellant's first assignment of error argues that the trial court erred in dismissing his petition for postconviction relief without an evidentiary hearing. Such a petition may be dismissed without a hearing if the petitioner fails to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. R.C. 2953.21(C); State v. Jackson (1980), 64 Ohio St.2d 107, 110.
Appellant submitted an affidavit in conjunction with his petition. While the affidavit sets forth several broad conclusory statements and alleges several errors, it does not provide any evidentiary material demonstrating substantive grounds for relief. Accordingly, the trial court did not err in denying appellant's petition without a hearing. See Jackson at 111. Appellant's first assignment of error is overruled.
Appellant's second, fifth, sixth, seventh, twelfth, eighteenth, nineteenth, and twenty-first assignments of error each allege that the trial court erred in denying his petition because counsel was ineffective. Appellant claims that counsel failed to do the following: (1) object to prosecutorial misconduct and the submission of evidence not admitted; (2) investigate appellant's case; (3) discuss trial strategy and show appellant the presentence report; (4) request limited jury instructions; and (5) request that the judge recuse himself because of prejudice against appellant.
In a petition for postconviction relief asserting ineffective assistance of counsel, the petitioner bears the burden to submit evidentiary materials demonstrating the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. Jackson, 64 Ohio St.2d at 110. Although appellant's affidavit makes several self-serving claims, he provides no evidence in support of his claims of ineffective assistance of counsel. Moreover, several of appellant's arguments are without factual basis. For example, while appellant claims that certain evidence was submitted to the jury without being admitted into evidence, the record clearly shows that the evidence in question was not submitted to the jury. Accordingly, appellant's second, fifth, sixth, seventh, twelfth, eighteenth, nineteenth, and twenty-first assignments of error are overruled.
Appellant's third, eighth, eleventh, and thirteenth assignments of error each allege that the trial court erred in denying his petition because the prosecutor engaged in misconduct. Specifically, appellant claims that the prosecutor withheld exculpatory evidence, presented a photograph to the jury without proper foundation, and refused to comply with discovery requests. Appellant's tenth assignment of error alleges that the assistant prosecutor was not licensed to practice law at the time of the trial.
Under the doctrine of res judicata, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties determined in the judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Res judicata bars a defendant from raising an issue in a petition for postconviction relief "which was raised or could have been raised by the defendant at trial * * * or on appeal from that judgment." Id. (emphasis sic); State v. Lambrecht (1989), 58 Ohio App.3d 86, 87.
The record reveals that on direct appeal to this court, appellant failed to argue that the prosecution had engaged in misconduct or that the assistant prosecutor was not licensed to practice. As these claims could have been raised on direct appeal, they are barred under the doctrine of res judicata. See Perry at 180. Moreover, appellant provides no credible evidence that the assistant prosecutor was not licensed. Therefore, appellant's third, eighth, tenth, eleventh, and thirteenth assignments of error are hereby overruled.
In his fourth assignment of error, appellant alleges that the trial court erred in denying his petition because the prosecutor and the trial court "conspired" to have exculpatory evidence sealed. As noted above, the doctrine of res judicata bars consideration of the issue of prosecutorial misconduct in appellant's petition, as such issue could have been raised on direct appeal. See Perry at 180. That notwithstanding, appellant's allegations of "conspiracy" are unsupported by credible evidence and are clearly insufficient grounds upon which to grant postconviction relief. See Jackson,64 Ohio St.2d at 110. Appellant's fourth assignment of error is overruled.
We next address appellant's ninth, fourteenth, sixteenth, seventeenth, and twentieth assignments of error. In his ninth and fourteenth assignments of error, appellant notes that during deliberations, the jury requested a copy of a police report which contained a statement of a victim. The police report was not admitted into evidence, and appellant argues that the trial court therefore erred in submitting the police report to the jury. The record reveals, however, that the trial court did not submit the police report to the jury precisely because it had not been admitted into evidence. In addition, we note that appellant could have raised this issue on direct appeal.
In his sixteenth assignment of error, appellant argues that the trial court erred in denying his petition because he was denied an impartial jury. In support of his argument, appellant notes that a juror claimed to know the trial judge's personal telephone number. The record shows, however, that the juror was aware of the judge's private telephone number simply for purposes of notifying the trial court of any scheduling problems and appellant had the opportunity to raise this issue on direct appeal.
In his seventeenth assignment of error, appellant argues that the trial court erred in denying his petition because witnesses for the state lied. In essence, appellant asserts that the jury's verdict is contrary to the manifest weight of the evidence, an issue we addressed on appellant's direct appeal. In his twentieth assignment of error, appellant argues that he was denied equal protection of the law because the trial court denied appellant an opportunity to rebut claims found in the presentence report. Appellant had an opportunity to challenge any inaccuracies in the presentence report in his direct appeal to this court.
As appellant either raised or could have raised these arguments on direct appeal, we are barred from considering them at this time. See Perry at 180. Thus, appellant's ninth, fourteenth, sixteenth, seventeenth, and twentieth assignments of error are hereby overruled.
In his fifteenth assignment of error, appellant argues that the trial court failed to review his petition completely because the transcript of the trial was altered and appellant did not receive a transcript of voir dire. We note that a postconviction proceeding is a civil matter, and appellant does not enjoy an unqualified right to transcripts at the state's expense. See State v. Roberts (1991), 66 Ohio App.3d 654, 656. Moreover, appellant has proffered no credible evidence that the trial court failed to review his petition and the record in its entirety. In fact, a review of the trial court's decision reveals that the trial judge thoroughly reviewed each of appellant's claims and filed findings of fact and conclusions of law as required by R.C.2953.22(C). We find no error in the trial court's review of appellant's petition. Appellant's fifteenth assignment of error is overruled.
Judgment affirmed.
YOUNG and POWELL, JJ., concur.