JOURNAL ENTRY AND OPINION
Surendra Ramjit, through counsel, has filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Ramjit
(Feb. 15, 2001), Cuyahoga App. No. 77337, unreported. In that opinion, we affirmed defendant's conviction for one count of aggravated murder with gun specifications. On July 9, 2001, the State of Ohio, through the Cuyahoga County Prosecutor's Office, filed a memorandum of law in opposition to the application to reopen.
In his application to reopen, Mr. Ramjit, through new counsel, claims that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for the following reasons: First, trial counsel provided the prosecution with a pretext for "opening the door" to the admission of the blame shifting pre-indictment hearsay statements of the co-defendant. Second, trial counsel failed to object to testimony and photographs of the defendant's extensive tattoos that have no connection to the crime, but were used by the prosecution in closing arguments to urge the jury to draw improper inferences of the defendant's propensity to commit the charged crime based on the imagery contained in the tattoos. Third, that trial counsel failed to accept the trial court's invitation to ask for a mistrial due to the necessity of dismissing a trial juror during deliberations where defense counsel previously had moved for a mistrial without success during the trial on grounds related to the trial court's adverse rulings on crucial evidentiary issues, which rulings seriously damaged their client's defense to the criminal charge. Fourth, trial counsel failed to object to textbook instances of prosecutorial misconduct during closing arguments. Fifth, trial counsel failed to object in several instances to hearsay and other testimony not based on the witnesses personal knowledge. Sixth, trial counsel failed to insist on an adequate inquiry into the circumstances surrounding the dismissal of one of the regular jurors. Seventh, trial counsel failed to request an instruction that the jury begin its deliberations anew after the seating of a previously discharged alternate juror. Mr. Ramjit further argues that certain assignments of error that were presented in his original appeal were not properly considered by this court due to appellate counsel's ineffectiveness and provides additional argument in their support. For the following reasons, we decline to reopen Mr. Ramjit's original appeal.
The doctrine of Res Judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, Mr. Ramjit, through new counsel, sought to appeal this case to the Supreme Court of Ohio which eventually denied his appeal. Because the issue of ineffective assistance of appellate counsel was or could have been raised, res judicata now bars re-litigation of this matter. Statev. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994) Motion No. 50328, affirmed (Aug. 3. 1994),70 Ohio St.3d 1408, 637 N.E.2d 6. We further find that the application of res judicata would not be unjust in this matter.
Mr. Ramjit also fails to establish that his appellate counsel was ineffective. In order for the Court to grant the application for reopening, Mr. Ramjit must establish that "there is a genuine issue as to whether the applicant wag deprived of the effective assistance of counsel on appeal." App.R. 26(8)(5).
 In State v. Reed (1996). 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(8)(5). [Applicant] must prove that him counsel were deficient for failing to raise the issue he now presents, as well am showing that had he presented those claims on appeal, there was a "reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue' as to tether there was a colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674, 104 B.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.s. 1011, 110 B.Ct. 3258.
The record indicates that Mr. Ramjit was represented by Attorney Michael Peterson during his trial and before this court. Because an attorney cannot realistically be expected to argue his own ineffectiveness, appellate counsel was not deficient for failing to raise the issue of ineffectiveness of trial counsel on appeal. State v. Cole
(1982), 2 Ohio St.3d 112, 443 N.E.2d 169; State v. Lambrecht (1989),58 Ohio App.3d 86, 568 N.E.2d 743; State of Ohio v. Peter Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening disallowed (Mar. 25, 1999), Motion No. 1910; and State of Ohio v. Sharon Burns
(Aug. 8, 1996), Cuyahoga App. No. 69676, unreported, reopening disallowed (Aug. 3, 2000), Motion No. 13053; State v. Walker (May 31, 1984), Cuyahoga App. No. 47616, unreported, reopening disallowed (Aug. 3, 2001), Motion No. 27447.
Mr. Ramjit further asserts that this court failed to fully consider assignments of error I, II, III, VI, and VII that were raised in his original appeal due to appellate counsel's deficient representation. In support of this contention, counsel asserts new argument pertaining to these original assignments of error. However, because these issues were already raised, argued and found to be without merit in Mr. Ramjit's original appeal, the doctrine of res judicata bars any further review.State v. Dehler (1995) 73 Ohio St.3d 307, 652 N.E.2d 987.
Accordingly, the application to reopen is denied.
FRANK D. CELEBREZZE. JR., J. and JAMES J. SWEENEY, CONCUR.