JOURNAL ENTRY and OPINION
On April 30, 2001, the applicant, John T. Bragg, sought to reopen this court's judgment in State of Ohio v. John T. Bragg (July 15, 1991), Cuyahoga App. No. 58859, unreported, on the grounds of ineffective assistance of appellate counsel pursuant to App.R. 26(B). For the following reasons, this court denies the application.
App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The April 2001 application was filed approximately ten years after this court's decision, nine years after the Supreme Court of Ohio's decision in State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204, and eight years after the promulgation of App.R. 26(B). Thus, it is untimely on its face.
Bragg argues that under White v. Schotten (C.A. 6, 2000), 201 F.3d 743, he has good cause for untimely filing because he never had counsel to help him file the application to reopen. In Schotten, the Sixth Circuit reasoned that App.R. 26(3) is part of the direct appeal process; thus, the appellant-applicant has the right to counsel. If there is no counsel to file a timely application to reopen, good cause is shown for failure to abide by the state procedural rule, at least for purposes of presenting a federal habeas corpus petition. However, Bragg's reliance onSchotten is misplaced. An App.R. 26(B) application to reopen is a postconviction petition. The Supreme Court of Ohio recognized this in Supreme Court Practice Rule II, Section 2(A)(4)(b): "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to State v. Murnahan (1992), 63 Ohio St.3d 60, and App. R. 26(3)." Thus, an applicant has no right to counsel in filing the application, and he does not show good cause because he has no attorney to timely submit an App.R. 26 (B) claim for ineffective assistance of appellate counsel. Cf. State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening disallowed (Mar. 25, 1999), Motion No. 01910 and State v. Burns (Aug. 8, 1996), Cuyahoga App. No. 69676, unreported, reopening disallowed (Aug. 3, 2000), Motion No. 13053 — an attorney is not expected to raise an issue as to his or her own effectiveness.State v. Wilson (1997), 80 Ohio St.3d 132, 684 N.E.2d 1221, and State v.Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, unreported, reopening disallowed (Jan. 16, 1997), Motion No. 75838 — reliance on counsel does not establish good cause for the failure to file a timely application. The untimeliness of the application is sufficient reason to deny it.
Moreover, Bragg's arguments concerning the ineffectiveness of his appellate counsel are meritless. He argues that the trial court lacked subject matter jurisdiction because the indictment was fatally defective: it failed to allege that the crimes occurred within the jurisdiction of the trial court. However, he raised this identical issue in a motion to vacate filed with the trial court, which rejected the argument; this court affirmed that ruling. In State of Ohio v. John T.Bragg (Sept. 5, 1996), Cuyahoga App. No. 70461, unreported, this court ruled: "The indictment need only state in general terms that the court has jurisdiction of the subject matter and that the offense was committed in the territory encompassed by the court. See R.C. 2901.12(A). Defendant (Bragg) concedes these requirements were met in this case." Slip op. at 3. This court further noted that if a defendant seeks more precise times and locations, his remedy is to seek a bill of particulars which Bragg did. The bill of particulars stated that the offense occurred "on or about the 11th day of March 1989, at approximately 5:00 a.m., in the vicinity of East 65 [sic) Street and Sidaway Avenue, in the City of Cleveland, Ohio ***" Thus, the indictment was sufficient to vest subject matter jurisdiction, and there was no dispute that the crime occurred within the trial court's jurisdiction. Thus, appellate counsel exercised professional judgment in rejecting that argument as an assignment of error. Additionally, Bragg's argument is properly rejected as barred byres judicata. This court has already considered and rejected his argument.
Bragg's other argument is that his appellate counsel was ineffective for not arguing the ineffectiveness of his trial counsel due to his (1) failure to object to the insufficient indictment which failed to allege any location within the trial court's jurisdiction, and (2) failure to object to the deletion of the essential element of "for hire" in the murder indictment, which improperly broadened the scope of the indictment. This argument fails for several reasons.
First, Bragg concedes that his trial counsel and his appellate counsel were the same individual. Because an attorney cannot be expected to argue his own incompetence, an appellate counsel who also served as trial counsel is not ineffective for failing to argue the ineffectiveness of trial counsel. State v. Larabrecht (1989), 58 Ohio App.3d 86. 568 N.E.2d 743; State v. Stovall (Jan. 22, 1998), Cuyahoga App. No. 72149, unreported, reopening disallowed (Feb. 10, 1999), Motion No. 98564; State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening disallowed (Mar. 25, 1999), Motion No. 01910; Statev. Fuller (Nov. 8, 1993), Cuyahoga App. Nos. 63987 and 63988, unreported, reopening disallowed (Oct. 14, 1994), Motion No. 56538; andState v. Scott (Sept. 7, 1995), Cuyahoga App. No. 67148, unreported, reopening disallowed (Jan. 28, 1998), Motion No. 83321.
Furthermore, appellate counsel did argue that Bragg was denied due process of law when the court allowed the State to delete the murder-for-hire specification from the aggravated murder indictments. This court rejected the argument because the amendment to the indictment did not change the name or identity of the crime in violation of Criminal Rule 7(D) and because the amendment neither misled nor prejudiced Bragg. As established above, the indictments were not defective for failing to specify that the charged offense was committed within the jurisdiction of the trial court. Framing either of these arguments in terms of ineffective assistance of trial counsel would not have made a difference. Therefore, appellate counsel was not ineffective for failing to raise this argument.
Bragg has also failed to establish prejudice. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990),497 U.S. 1011, 110 S.Ct. 3258. In the direct appeal, appellate counsel correctly identified two errors — improper speculative testimony by an expert on blood work and a poor jury instruction on causation. However, this court rejected both arguments because any error on these points was harmless beyond a reasonable doubt in light of the overwhelming evidence of the appellant's guilt. Bragg has not overcome that obstacle.
Accordingly, this court denies the application to reopen.
DIANE KARPINSKI. A.J. and ANN DYKE, J., CONCUR