JOURNAL ENTRY and OPINION
On November 27, 2001, the applicant, Andrew Fortson, claiming ineffective assistance of appellate counsel applied pursuant to App.R. 26(B) to reopen this court's judgment in State of Ohio v. Andrew Fortson
(Aug. 14, 2001), Cuyahoga App. No. 78240, unreported, in which this court affirmed his conviction for aggravated murder. For the following reasons, this court denies the application.
App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The November 27, 2001 application is untimely by approximately two weeks. In an effort to establish good cause, Mr. Fortson argues that he "did not begin to receive at least 8 affidavits that show the harm the defendant-appellant was done until August 22, 2001, and ending in October 8, 2001." (Application Pg. 3.) However, this argument is not persuasive to show cause for untimely filing. Even after the accumulation of all of the affidavits, Mr. Fortson still had-approximately one month to finish the application. Moreover, the attachments to the application indicate that while the appeal was pending Mr. Fortson was not satisfied with his counsel and was engaging in or had access to sophisticated legal analysis. Thus, he could have and should have been diligently preparing the application from the earliest possible time. Nevertheless, he does not offer a reason for why he could not finish the application within the required time, especially in the month after receiving all the affidavits. Untimeliness alone is sufficient reason to deny the application.
Furthermore, Mr. Fortson's proposed assignments of error do not raise an issue on whether his appellate counsel was ineffective. This court will consider his first two arguments together. The first is that appellate counsel "was deficient with respect to his knowing failure to produce a trial record for the basis of appeal." The second is that appellate counsel "was deficient with respect to the assignments of error or arguments raised as he had a conflict of interest and refused to raise the issue of ineffective assistance of counsel at the trial level as he was the trial attorney in the case at bar." However, the gravamen of the first argument is that trial counsel was ineffective because he did not fully investigate the case, did not call any defense witnesses, did not properly cross-examine the state's witnesses and did not challenge the state's case sufficiently. Thus, Mr. Fortson concludes that his counsel did not produce a record on which to appeal; this court only reviewed the prosecution's case and never reviewed a defense record. This argument is really ineffective assistance of trial counsel, rather than the failure of appellate counsel to obtain a complete record of what happened at the trial. Thus, it is the same as the second argument that appellate counsel was deficient in failing to argue the ineffective assistance of trial counsel.
However, because an attorney cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the ineffectiveness of trial counsel. State v. Lambrecht (1989), 58 Ohio App.3d 86,568 N.E.2d 743; State v. Stovall (Jan. 22, 1998), Cuyahoga App. No. 72149, unreported, reopening disallowed, (Feb. 10, 1999), Motion No. 98564; State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, unreported, reopening disallowed (Mar. 25, 1999), Motion No. 1910; Statev. Fuller (Nov. 8, 1993), Cuyahoga App. Nos. 63987 and 63988, unreported, reopening disallowed (Oct. 14, 1994), Motion No. 56538; andState v. Scott (Sept. 7, 1995), Cuyahoga App. No. 67148, unreported, reopening disallowed (Jan. 28, 1998), Motion No. 83321. Thus, Mr. Fortson's first two arguments fail.
Mr. Fortson's final argument is that his appellate counsel was ineffective for failing to raise the defense of the statute of limitation as it applied to the conspiracy charge. The Grand Jury indicted Mr. Fortson for aggravated murder and conspiracy to commit murder. However, this argument fails because Mr. Fortson cannot establish prejudice for the failure to raise the defense of the statute of limitations. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Prejudice is established by showing that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the-defendant as a result of alleged deficiencies.
In the present case there can be no prejudice for the failure to raise the statute of limitations defense on the conspiracy charge because the conspiracy charge was nolled during the trial. Mr. Fortson was convicted of aggravated murder only. The result was the same as if the defense had been raised. Thus, this argument fails.
Accordingly, this court denies the application to reopen.
KENNETH A. ROCCO. P.J. and ANN DYKE. J. CONCUR.