JOURNAL ENTRY AND OPINION
{¶ 1} On December 10, 2001, the applicant, Luis Cruz, pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, applied to reopen this court's judgment in State v.Cruz (Sept. 25, 2001), Cuyahoga App. No. 78475 in which this court affirmed Mr. Cruz's convictions and sentences for three counts of rape. The State of Ohio on January 17, 2002, filed a brief in opposition, and on February 7, 2002, Mr. Cruz filed a letter which this court considers a supplement to his application. For the following reasons this court denies the application to reopen.
 {¶ 2} The grand jury indicted Mr. Cruz for seven counts of rape of a minor each with a sexually violent predator specification and for five counts of disseminating matter harmful to juveniles. Pursuant to a plea bargain, the state amended the indictments by deleting the sexually violent predator specifications, Mr. Cruz pleaded guilty to three counts of rape, and the state nolled the other charges. The trial court imposed three consecutive sentences of five years each.
 {¶ 3} Appellate counsel, who was also trial counsel, argued that the three charges of rape constituted allied offenses of similar import, that the trial court erred in imposing consecutive sentences, and that the trial court failed to make the required statutory findings for sentencing. This court rejected all these arguments.
 {¶ 4} Mr. Cruz in his timely application to reopen now claims that his appellate counsel was ineffective. Counsel should have argued the following: (1) trial counsel was deficient because he did not investigate the charges sufficiently and did not interview or call witnesses that would have exonerated Mr. Cruz; (2) the trial court erred when it did not conduct an in-camera inspection of the statements of the state's witnesses; (3) Mr. Cruz was denied his constitutional right under the Fourteenth Amendment and Article I, Section 10 of the Ohio Constitution. The gravamen of this last claim seems to be that the guilty plea and sentences were based on incorrect information, i.e., that the victim was his niece; Mr. Cruz denies that point.
 {¶ 5} First, Mr. Cruz concedes that his trial counsel and his appellate counsel were the same individual. Because an attorney cannot be expected to argue his own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the deficiencies of trial counsel. State v. Lambrecht (1989),58 Ohio App.3d 86, 568 N.E.2d 743; State v. Stovall (Jan. 22, 1998), Cuyahoga App. No. 72149, reopening disallowed, Feb. 10, 1999), Motion No. 98564; State v. Viceroy (May 20, 1996), Cuyahoga App. No. 68890, reopening disallowed (Mar. 25, 1999), Motion No. 1910; State v. Fuller
(Nov. 8, 1993), Cuyahoga App. Nos. 63987 and 63988, reopening disallowed (Oct. 14, 1994), Motion No. 56538; and State v. Scott (Sept. 7, 1995), Cuyahoga App. No. 67148, reopening disallowed (Jan. 28, 1998), Motion No. 83321.
 {¶ 6} Moreover, appellate review is strictly limited to the record. The Warder, Bushnell Glessner Co. v. Jacobs (1898),58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. V. Sontag (1935), 21 Ohio Law Abs. 358. A review of the record reveals that it could not adequately sustain the arguments Mr. Cruz now presents, such as the failure to investigate, the failure to interview defense witnesses, the failure to call such witnesses, and underlying factual errors, such as the victim was not Mr. Cruz's niece.
 {¶ 7} Specifically, in regard to the in-camera inspection of the witness statements, Mr. Cruz's guilty plea obviated the need for such witnesses and rendered inapplicable the Crim.R. 16(B)(1)(g) mechanism for the judge to review the witness statements. Also the record shows that Mr. Cruz's attorney admitted that the state had completely fulfilled its duties of discovery, and that he had fully reviewed the state's case which contained significant incriminating evidence.
 {¶ 8} In Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258; Jonesv. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308, and Statev. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638, the Supreme Courts of the United States and Ohio ruled that courts should not second guess the reasonable professional judgments of attorneys in selecting arguments and deciding on the strategy and tactics of the case. In the present case appellate counsel exercised reasonable professional judgment in selecting the arguments he made and in rejecting the claims Mr. Cruz now argues.
Accordingly, Mr. Cruz's application for reopening is denied.
DIANE KARPINSKI, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.