[Cite as *State v. Carpenter*, 2011-Ohio-4807.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 94709

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES CARPENTER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-507323
Application for Reopening
Motion No. 443683


**RELEASE DATE:**   September 19, 2011

**FOR APPELLANT**

James Carpenter, pro se
Inmate No. A551127
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1}   On April 14, 2011, the applicant, James Carpenter, pursuant to App.R.26(B)

and *State v. Murnahan* (1992), 53 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this

court's judgment in *State v. Carpenter*, Cuyahoga App. No. 94709, 2011-Ohio-211, in which

this court affirmed Carpenter's conviction for felonious assault.[1]   Carpenter argues that his

---

[1] The victim testified as follows: Carpenter was her pimp.   On May 21, 2007, when he picked her up from the night's work, he became angry because she had not met the quota of $100. He repeatedly slapped her, and when he returned her to her home, he continued to hit her and threw away her psychiatric medicine.   The victim feared for her life and began to have a nervous breakdown.   The victim escaped and went to her parole officer, who had the victim taken to a hospital.   At the hospital, the doctor admitted her for a day to re-establish her medications and to stabilize her condition.

Although there was no evidence of bodily injury, the state secured a conviction in a bench

appellate counsel was ineffective for not arguing (1) ineffective assistance of trial counsel for not objecting to the prosecutor's characterization of him as a pimp during opening argument, for not presenting exonerating evidence in the victim's medical records, and not objecting to bad acts evidence, and (2) manifest weight of the evidence. On June 10, 2011, the state of Ohio filed its brief in opposition, and on July 11, 2011, Carpenter filed a reply brief. For the following reasons, this court denies the application to reopen.

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768; *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant

_____

trial for felonious assault on the theory that Carpenter caused the victim serious physical harm by

must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

{¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The Court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Ohio Supreme Court reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability

exacerbating her mental illness, requiring hospitalization. R.C. 2901.01(A)(5)(a).

sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 6} Carpenter's first three assignments of error argue that his appellate counsel should have argued that his trial counsel was ineffective. However, Carpenter's trial counsel and appellate counsel were the same person. Because an attorney cannot be expected to argue his or her own incompetence during a trial, an appellate counsel who was also trial counsel is not ineffective for failing to argue the ineffectiveness of trial counsel. *State v. Lambrecht* (1989), 58 Ohio App.3d 86, 568 N.E.2d 743; *State v. Stovall* (Jan. 22, 1998), Cuyahoga App. No. 72149, reopening disallowed, (Feb. 10, 1999), Motion No. 298564; *State v. Viceroy* (May 20, 1996), Cuyahoga App. No. 68890, reopening disallowed (Mar. 25, 1999), Motion No. 301910; *State v. Fuller* (Nov. 8, 1993), Cuyahoga App. Nos. 63987 and 63988, reopening disallowed (Oct. 14, 1994), Motion No. 256538; and *State v. Scott* (Sept. 7, 1995), Cuyahoga App. No. 67148, reopening disallowed (Jan. 28, 1998), Motion No. 283321.

{¶ 7} Moreover, the individual arguments are not well taken. Carpenter first complains that his attorney should have objected to the prosecutor's characterization of him as a pimp during opening statements. Carpenter maintains that this prejudiced and poisoned the judge's view of him during the trial. However, the victim testified that Carpenter was her pimp. Furthermore, in a bench trial, the trial court is presumed to have "considered only the

relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. Post* (1987), 32 Ohio St.3d 380, 513 N.E.2d 754. In the present case, the trial judge was very conscious that opening statements are not evidence. On the next page of the transcript following opening statements, the trial judge affirmed the principle that "[o]pening and closings are not evidence." (Tr. 17-18.) Thus, Carpenter has shown neither error by his attorney nor prejudice.

{¶ 8} Next, Carpenter asserts that his trial counsel did not introduce exonerating evidence, the victim's patient assessment report from the hospital. However, the state had all of the victim's relevant medical records, including the patient assessment, admitted into evidence, and defense counsel did not object. (Tr. 111.) Indeed, defense counsel used the patient assessment during the cross-examination of the victim to show inconsistencies in her testimony and then to argue that the victim's testimony was incredible, dishonest, and unreliable. This argument is baseless.

{¶ 9} Carpenter then asserts that his trial counsel should have objected to the "prior bad acts" evidence that he slapped the victim and threw away her medication on May 21, 2007. Carpenter reasons that because the evidence shows that the slaps did not result in bodily injury, they must be considered prejudicial prior bad acts, and thus inadmissable. This is ill-founded because the actions of May 21, 2007 are the acts that exacerbated the victim's mental condition, and thus, were properly before the court. Moreover, Carpenter's counsel

successfully made a motion in limine to preclude the introduction of any acts before May 21, 2007. Again, the judge was very conscious of this limitation, and ruled that "only those acts on or about May 21, 2007 will be accepted into evidence." (Tr. 9.)

{¶ 10} Finally, Carpenter argues that his attorney should have argued the manifest weight of the evidence. However, in rejecting counsel's sufficiency of the evidence argument, this court found that Carpenter was the cause of the victim's May 21, 2007 breakdown and that his abuse exacerbated her mental illness, causing a condition that required hospitalization. This ruling shows that this court was convinced of Carpenter's culpability and would have rejected a manifest weight of the evidence argument as well. There was no prejudice.

{¶ 11} Accordingly, this court denies the application to reopen.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR