[Cite as *State v. Myers*, 2018-Ohio-330.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                  Court of Appeals No. WD-17-022

     Appellee                              Trial Court No. 2011 CR 364

v.

Craig R. Myers                             **DECISION AND JUDGMENT**

     Appellant                             Decided:  January 26, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Craig R. Myers, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Self-represented appellant, Craig Myers, appeals the March 24, 2017

judgment of the Wood County Court of Common Pleas denying his petition for

postconviction relief as untimely.  Finding no reversible error, we affirm.

## Assignments of Error

{¶ 2} Myers sets forth the following assignments of error:

1.  Trial Court made an erroneus decision that the Trial Court made findings that Myers' conviction were not allied offenses of similar import. (Sics omitted.)

2.  Trial Court knowingly violated Myers' Sixth Amendment Right as to the Confrontation Clause, as Trial Court interfered with Myers' right of cross-examination.  (Sics omitted.)

3.  State Prosecution with held evidence favorable to the defendant, as this evidence would establish the innocence of the defendant, as the alleged victim's injury was caused in one of the many car accidnets, that the alleged vicitm recently under went.  (Sics omitted.)

4.  Myers was provided ineffective Trial Counsel as Counsel failed to forego any investigation as to the alleged vicitm's medical records and or car accidents listed in the February 13, 2012 filed motion.  (Sics omitted.)

## Background

{¶ 3} In July 2011, Myers physically abused the victim and held her against her will. He was charged with felonious assault under R.C. 2903.11(A)(1), and abduction under R.C. 2905.02(A)(2).

{¶ 4} Appellant proceeded to jury trial and was found guilty on May 10, 2013. He was sentenced to 36 months imprisonment for the abduction, and eight years for the felonious assault, which were ordered to run concurrently. He timely appealed.

{¶ 5} On direct appeal, Myers through counsel assigned two errors: "1. The trial court committed reversible error by admitting into evidence the testimony of Katherine Mull[;]" and "2. The verdict was against the manifest weight of the evidence." After careful review of the record, the assigned errors were found not well-taken. *State v. Myers,* 6th Dist. Wood No. WD-13-048, 2014-Ohio-3759, ¶ 28.

{¶ 6} Appellant, without counsel, then petitioned the trial court for postconviction relief on February 10, 2017.

{¶ 7} In specific, he filed a "Motion to Correct Judgment and Sentence as Pursuant to Ohio Revised Code 2953.08 and * * * 2941.25." Myers argued his conviction should be corrected because he was "sentenced to both charged offenses which were similar import."

{¶ 8} Appellant also filed a "Motion for Stay and Abeyance," in which he requested the trial court "to stay the February 10, 2017 filed motion[.]"

{¶ 9} The court took the motions under advisement and found the request for postconviction relief was untimely pursuant to R.C. 2953.21(A)(2). The judgment was journalized March 24, 2017, and appellant now appeals.

## Standard of Review

{¶ 10} An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. Abuse of discretion connotes more than an error of law; it implies the trial court acted arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Law and Analysis

{¶ 11} In the four assigned errors, appellant argues for postconviction relief by asserting the trial court, his counsel, and opposing counsel committed prejudicial errors against him. Appellee, the state of Ohio, simply argues the petition was properly dismissed as untimely.

{¶ 12} "A petition for postconviction relief under R.C. 2953.21 is a collateral civil attack on a criminal judgment, not an appeal of the judgment." *See State v. Gonzales*, 6th Dist. Wood No. WD-09-078, 2010-Ohio-4703, ¶ 13, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). However, a petition for postconviction relief does not provide a second opportunity to litigate a conviction. *See State v. Hessler*, 10th Dist. Franklin No. 01 AP-1011, 2002-Ohio-3321, ¶ 23. Such denial is because res judicata is applicable in postconviction relief proceedings. *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996).

4.

## A. Res Judicata

{¶ 13} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process raised or which could have been raised at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (Quotations omitted.) *See State v. Zich*, 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶ 12, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 14} Therefore, a claim "that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Accordingly we find appellant's first, second, and third assignments of error not well-taken. Nevertheless, a recognized exception to a res judicata finding is that "res judicata does not act to bar a defendant represented by the same counsel at trial and upon direct appeal from raising a claim of ineffective assistance of counsel in a petition for postconviction relief." *State v. Lambrecht*, 58 Ohio App.3d 86, 87, 568 N.E.2d 743 (6th Dist.1989), citing *Perry*.

{¶ 15} Here, appellant was represented by his trial counsel in his direct appeal. *See Myers*, 6th Dist. Wood No. WD-13-048, 2014-Ohio-3759.

## B. Ineffective Assistance of Counsel

{¶ 16} In the fourth assigned error, appellant argues his counsel was ineffective for failing to investigate the victim's medical history or past car accidents when preparing the defense. He argues the injuries the court found to have been inflicted by him against the victim were actually from past car accidents, and not because he physically assaulted her.

## C. Untimely Petition

{¶ 17} We agree with the trial court that appellant did not timely file his petition for postconviction relief, and we need not address appellant's fourth assignment of error.

{¶ 18} R.C. 2953.21(A)(2), as enacted December 19, 2014, and as effective March 25, 2015, altered the time frame in which the convicted can timely petition for postconviction relief. *See* 2013 Ohio HB 663. As a result, the petition must now be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment. *See* R.C. 2953.21(A)(2). Here, the trial transcript was filed in August 2013. Appellant's direct appeal was actually filed July 2013, before enactment of this amendment (when the time frame to file for postconviction relief was 180 days). Nevertheless, applying either time frame results in appellant's motion being untimely because the petition was not filed until February 2017.

{¶ 19} Despite this untimeliness, Myers asserts his claims for postconviction relief fit within an exception provided under R.C. 2953.23(A)(1), which provides:

6.

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a appellant unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the appellant shows that the appellant was unavoidably prevented from discovery of the facts upon which the appellant must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the appellant's situation, and the petition asserts a claim based on that right.

(b) The appellant shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the appellant guilty of the offense of which the appellant was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the appellant eligible for the death sentence.

{¶ 20} In addressing this exception, the trial court found Myers did not argue he was unavoidably prevented from discovery of facts and, further, that he did not argue a new personal right has been recognized and is applicable to him.

{¶ 21} Appellant now argues he was unavoidably prevented from discovery of facts contained in medical records held by the state, and that he could show by clear and convincing evidence that, but for the court not requiring disclosure of those records, no reasonable factfinder would have found him guilty.

{¶ 22} Even assuming Myers was deprived of medical records reflecting the victim's past injuries, we cannot say a reasonable factfinder would not have found him guilty.

{¶ 23} R.C. 2903.11(A)(1) codifies felonious assault, and states "[n]o person shall knowingly* * *[c]ause serious physical harm to another[.]

{¶ 24} Here, medical records and testimonial evidence revealed Myers held the victim by the throat and threw her against the wall and floor, and that he closed a door on her hand and leg. Evidence further showed the victim complained of a headache and various pains in her upper body, and that she had documented bruises, contusions, and abrasions.

{¶ 25} R.C. 2905.02(A)(2) codifies abduction, stating "[n]o person shall knowingly" * * * "[b]y force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear[.]"

8.

**{¶ 26}** Here, the victim was restricted from leaving appellant's home, where she tried to leave. Myers became verbally abusive, took her keys, and smashed her hand and leg with the door, thereby refusing to let her go.

**{¶ 27}** We find despite any past injuries, car accidents or medical records, there was sufficient, credible and competent evidence in the record for a factfinder to find guilt. Therefore, we find appellant's fourth assigned error not well-taken.

## Conclusion

**{¶ 28}** The judgment of the Wood County Court of Common Pleas is affirmed. Myers is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE